UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NORMAN C. MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:05-CV-478 |
| | ) | (VARLAN/SHIRLEY) |
| ENVIRONMENTAL PROTECTION | ) | |
| AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on several pretrial motions: the Motion to Dismiss [Doc. 13] filed by defendants Tennessee Department of Environment and Conservation ("TDEC"), Jane Roach, and Ryan Hyers (collectively the "state defendants"); the Motion for Partial Dismissal, for More Definite Statement, for Extension of Time to File Answer, and to Strike Jury Demand [Doc. 15] filed by defendants Environmental Protection Agency ("EPA") and Stephen L. Johnson (collectively the "federal defendants"); and the Motion to Strike Plaintiff's Response to Reply [Doc. 23] filed by the federal defendants. The plaintiff has responded to two of the pending motions, the defendants have filed replies, and the motions are ripe for determination. After carefully considering the pending motions and related pleadings [Docs. 14, 17, 18, 19, 20, 21, 22], the Court rules on the motions as set forth herein.

## I. Facts and Procedural History

A brief description of the unusual procedural history of this case is worth noting to put the following issues in context. Plaintiff Norman Mayes sought judicial review of an Environmental Appeals Board ("EAB") final order affirming an administrative law judge's decision finding Mr. Mayes liable for violations of the Resource Conservation and Recovery Act ("RCRA") with respect to certain underground storage tanks on his property. Mr. Mayes filed a petition for review with the United States Court of Appeals for the District of Columbia Circuit on May 31, 2005. The case was ultimately transferred to this Court from the D.C. Circuit on October 14, 2005 [Doc. 1]. The plaintiff was then ordered to file a complaint as required by Fed. R. Civ. P. 7(a) [Doc. 4]. The complaint was filed February 20, 2006 [Doc. 7] asserting claims against the EPA and Administrator Johnson, as well as TDEC and two agents of TDEC, Ms. Roach and Mr. Hyers.

## II. State Defendants' Motion to Dismiss

The State Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against them on the grounds that: (1) plaintiff's § 1983 claim is barred by the statute of limitations; (2) the § 1983 claim has not accrued because plaintiff cannot show the EPA proceeding has been resolved in his favor; and (3) all money damage claims against TDEC are barred by the Eleventh Amendment and because TDEC is not a "person" subject to suit under § 1983. [Doc. 13.]

The state defendants first argue that the § 1983 claim against Roach and Hyers is barred by the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(1). Because the plaintiff's claim against Roach and Hyers accrued at the time of the searches in February, March, April, and November 2000, defendants argue the claim filed on February 20, 2006 is time-barred. [Doc. 14.]

The plaintiff responds that he is willing to dismiss the § 1983 claim and the Fourth Amendment claim "with the exception of the Fourth Amendment issues as they relate to the unlawful search and seizure of the Plaintiff's property and the suppression of evidence collected there from as previously raised before the administrative law judge and the appeals that have followed from the administrative law judge's decision." [Doc. 18.] The plaintiff does not respond to the state defendants' statute of limitations argument. The state defendants subsequently objected to the dismissal of any claims against them without prejudice. [Doc. 20.] The plaintiff then requested "direction from the Court regarding how the Court will procedurally treat this matter." [Doc. 21 at 2.]

It is clear that the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(1) applies to § 1983 claims. *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000) ("[i]n all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied.") (quoting *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)). The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action, that is, when he should have discovered it through the exercise of reasonable

diligence. *Id*. at 548 (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). The Sixth Circuit has further instructed that in determining when a § 1983 cause of action accrues, the courts should look to "what event should have alerted the typical lay person to protect his or her rights." *Id*. (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

In the present case, plaintiff alleges that the unlawful searches occurred at the latest in November 2000 [Doc. 7 at ¶ 12]. Plaintiff was certainly aware of the alleged injury because he challenged the validity of the searches during litigation of the administrative complaint before the EPA by filing a motion in limine on May 13, 2003 to suppress evidence obtained from the searches on. [*See* AR[1] at # 27.] That motion was denied by the administrative law judge on June 5, 2003. [AR at #41.] Thus, at the latest, plaintiff's § 1983 claim against Ms. Roach and Mr. Hyer accrued as of June 5, 2003 and the claim was not asserted until the complaint was filed on February 20, 2006, well beyond the one-year limitations period. Accordingly, plaintiff's § 1983 claim against defendants Roach and Hyer will be dismissed as time-barred.

The state defendants next argue that the § 1983 claim against TDEC, as an agency of the State of Tennessee, is barred by the Eleventh Amendment because it has not waived its sovereign immunity. The plaintiff has not responded to this argument. It is clear that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, because

---

[1]References to documents contained in the administrative record will be cited as "AR at #_____."

4

plaintiff cannot pursue a § 1983 claim against TDEC, the state defendants' motion to dismiss [Doc. 13] will be granted and the § 1983 claim against TDEC will be dismissed. It appearing to the Court that the only claims asserted against defendants TDEC, Roach, and Hyers are the § 1983 claims, these defendants will be dismissed from this case with prejudice.

### III. Federal Defendants' Motion for Partial Dismissal, for More Definite Statement, for Extension of Time to File Answer, and to Strike Jury Demand

The federal defendants have filed a motion seeking multiple forms of relief: (1) for the dismissal of plaintiff's Fourth Amendment and § 1983 claims; (2) for a more definite statement of plaintiff's remaining claims; (3) to strike the plaintiff's jury demand; and (4) for an extension of time to file their answer to the complaint. [Doc. 15.] The Court will address each request seriatim.

#### A. Motion for Partial Dismissal

The defendants argue that this Court lacks subject matter jurisdiction over plaintiff's Fourth Amendment and § 1983 claims because such claims are barred by the doctrine of sovereign immunity. The plaintiff has not responded to these arguments other than to again state that he is willing to dismiss these claims without prejudice "with the exception of the Fourth Amendment issues as they relate to the unlawful search and seizure of the Plaintiff's property and the suppression of evidence collected there from as previously raised before the administrative law judge and the appeals that have followed from the administrative law

5

judge's decision." [Doc. 17.] The defendants reply that these claims should be dismissed with prejudice as they are jurisdictional issues.

It is clear that the "United States as a sovereign is immune from suit for money damages unless it unequivocally has waived such immunity." *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). "The doctrine of sovereign immunity not only bars suits against the United States when the plaintiff seeks monetary damages but also extends to suits for money damages against officers and agents of the United States in their official capacities." *Id*. It is also clear that § 1983 actions may be brought only against state actors and not the federal government. *Irvin v. United States*, 845 F.2d 126, 127 n.1 (6th Cir.), *cert. denied*, 488 U.S. 975 (1988). Plaintiff is plainly seeking money damages from the federal defendants for the Fourth Amendment and § 1983 claims [*see* Doc. 7 at 17, ¶ F]. Because the federal defendants are immune from suit for such claims, the defendants' motion will be granted and these claims will be dismissed.

      B.    <u>Motion to Strike Jury Demand</u>

The defendants move, pursuant to Fed. R. Civ. P. 39(a)(2), to strike the plaintiff's demand for a jury trial because the right to trial by jury does not apply in actions against the federal government. Defendants also argue that there is no right to a jury trial in a claim for judicial review under the Administrative Procedures Act ("APA"). The plaintiff responds that "if the Court is viewing this matter as purely an appeal the Plaintiff will readily withdraw his demand for a jury to hear this matter." [Doc. 17.]

Judicial review of a federal agency decision such as the EAB's order is a review of the agency's administrative record pursuant to the APA. 5 U.S.C. § 706. Such claims are not subject to trial by jury and therefore plaintiff's request for a jury trial will be stricken.

    C.    <u>Motion for More Definite Statement</u>

The defendants request, pursuant to Fed. R. Civ. P. 12(e), that plaintiff be required to file an amended complaint that complies with Fed. R. Civ. P. 8(a) and 10(b). The defendants complain that plaintiff's complaint contains 16 numbered paragraphs which are primarily lengthy narratives. Defendants state that the current form of plaintiff's complaint makes the task of responding to each factual allegation unduly burdensome.

The plaintiff responds that his complaint is not "so vague or ambiguous" that the defendants cannot reasonably prepare a responsive pleading. The plaintiff contends that his complaint complies with all of the requirements of Fed. R. Civ. P. 8(a) by providing the grounds for the Court's jurisdiction, the specific facts and claims, and the request for relief. [Doc. 17.]

The defendants reply that the complaint does not comply with Fed. R. Civ. P. 10(b) which requires all claims to be made in numbered paragraphs. The defendants note that most of the paragraphs in the complaint are not numbered and that each numbered section contains numerous factual allegations. [Doc. 19.]

Fed. R. Civ. P. 12(e) provides that a more definite statement may be required when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Court has carefully reviewed the plaintiff's complaint as well as

7

the alleged deficiencies referenced in defendants' motion. The complaint is over 16 pages long with numbered and unnumbered paragraphs divided by headings and subheadings. Many of the paragraphs appear to be responses to the EPA's administrative complaint rather than allegations against the defendants. Further, many of the unnumbered paragraphs contain recitations of the testimony and evidence presented at the administrative hearing. On the whole, the complaint is detailed but not necessarily a "short and plain statement of the claims" against the defendants. The Court finds that it would be difficult to prepare a responsive pleading to the complaint in its current form. Further, in light of the Court's rulings set forth above, the Court finds that it would be appropriate for the plaintiff to restate his remaining claims against the remaining defendants for the purposes of simplicity and clarity. Accordingly, the defendant's motion for a more definite statement will be granted.

    D.    <u>Motion for Extension of Time to File Answer</u>

Finally, defendants request that they be given 20 days in which to respond to the allegations in plaintiff's amended complaint. For good cause shown, the defendants' motion for extension of time will be granted.

**IV.    Federal Defendants' Motion to Strike Plaintiff's Response to Reply**

After the plaintiff submitted responses [Docs. 21, 22] to both reply briefs, the federal defendants filed a Motion to Strike Plaintiff's Response to Reply on the grounds that plaintiff's response does not comply with L.R. 7.1(d). The plaintiff has not responded to this motion.

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike "any redundant, immaterial, impertinent or scandalous matter" from any pleading. Generally, motions to strike are disfavored and will be denied unless the allegations have "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004). *See Overnite Transp. Co. v. International Bhd. of Teamsters*, 168 F. Supp. 2d 826, 850 (W.D. Tenn. 2001) ("Motions to strike are disfavored remedies to be used sparingly only when the ends of justice requires it."). Where doubt exists as to whether the matter to be stricken raises an issue of fact or law, the motion should be denied. 5C Wright & Miller, *supra* at § 1382. The Sixth Circuit has explained the general approach to striking pleadings as follows:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted).

Based on these principles, although plaintiff's response is not permitted by the Local Rules, the Court does not find that defendants have presented a sufficient reason to support the extraordinary remedy of striking the pleading. Accordingly, defendants' motion to strike [Doc. 23] will be **DENIED**.

## V. Conclusion

For the reasons set forth above, the state defendants' motion to dismiss [Doc. 13] will be **GRANTED** and the claims against them will be dismissed with prejudice; the federal defendants' motion for partial dismissal [Doc. 15] will be **GRANTED** and the Fourth Amendment and § 1983 claims will be dismissed with prejudice; the federal defendants' motion to strike the plaintiff's jury demand [Doc. 15] will be **GRANTED**; the federal defendants' motion for a more definite statement [Doc. 15] will be **GRANTED**; the federal defendants' motion for extension of time to file an answer [Doc. 15] will be **GRANTED**; and the federal defendants' motion to strike plaintiff's response to reply [Doc. 23] will be **DENIED**. An appropriate order will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE